UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LEIGH GAGNON )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>PENNYSYLVANIA HIGHER )<br>EDUCATION ASSISTANCE )<br>AGENCY )<br>d/b/a/ FEDLOAN SERVICING )<br>)<br>    Defendant. ) | 1:20-cv-00381-JAW |

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

In this action, a pro se plaintiff demands an injunction against a loan servicer under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.* The requested injunction would compel the servicer to change its reporting that the plaintiff had an overdue debt in September 2017. The servicer moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The Court grants the motion because the plaintiff failed to demonstrate that he complied with the prerequisites of the FCRA for bringing a lawsuit against the servicer.

**I.    BACKGROUND**

    **A.    Procedural History**

On September 12, 2020, Leigh Gagnon[1] filed a pro se statement of claim in Kennebec County District Court in Augusta, Maine naming Pennsylvania Higher Education Assistance Agency d/b/a FedLoan Servicing (FedLoan) as the sole

---

[1]     Leigh Gagnon's filings do not indicate whether Leigh Gagnon is male or female. Consistent with FedLoan's filings, the Court uses male pronouns when referring to Leigh Gagnon.

defendant.  *Def.'s Notice of Removal*, Attach. 2, *Statement of Claim* at 1-2 (ECF No. 1) (*Compl.*).  On October 16, 2020, FedLoan filed a notice of removal in the United States District Court for the District of Maine, invoking federal jurisdiction because Mr. Gagnon's Complaint alleged a violation of the Fair Credit Reporting Act.  *Def.'s Notice of Removal* at 1-2.  That same day, the Deputy Clerk docketed a procedural order on removal, which directed FedLoan to file the state court record with the Clerk of Court by October 23, 2020.  *Procedural Order* at 1 (ECF No. 3).

On October 23, 2020, FedLoan moved to dismiss Mr. Gagnon's Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  *Def.'s Mot. to Dismiss* at 1 (ECF No. 5) (*Def.'s Mot.*).  FedLoan also filed a separate memorandum of law in support of its motion.  *Id.*, Attach. 1, *Mem. of Law in Supp. of Def.'s Mot. to Dismiss* (*Def.'s Mem.*).  Mr. Gagnon did not respond.

FedLoan did not file the state court record by October 23, 2020.  Apparently, FedLoan says that, through no fault of its own, it had difficulty obtaining the record from the state court system.  *Def.'s Mot. to Extend Deadline to File State Ct. Record* ¶¶ 2-5 (ECF No. 6); *Def.'s Mot. to Further Extend Deadline to File State Ct. Record* ¶¶ 2-5 (ECF No. 8).  The Court received one portion of the state court record on November 6, 2020 and a second on November 11, 2020.  *Gagnon v. Penn. Higher Ed.*, *Docket Record, Docket No. AUGDC-SC-2020-00193* (ECF No. 10); *Def.'s Aff. Regarding State Ct. Record* (ECF No. 11); *id.*, Attachs. 1-4.

2

B.     **Statement of Facts**

The underlying dispute is an effort by Mr. Gagnon to alter FedLoan's reporting of a particular debt to various credit bureaus. *Compl.* ¶ 8. He states that he has owed a debt to FedLoan since 2002. *Id.* ¶ 1. Currently, his personal credit reports indicate that he owed a debt to FedLoan during September 2017 that was more than ninety days overdue. *Id.* ¶ 2. He believes this is inaccurate and unfair. *Id.*

Mr. Gagnon explains his reasoning. He acknowledges that he had an overdue debt to FedLoan in September 2017. *Id.* ¶ 3. He states that "[f]or unknown reasons" he was unaware the debt was overdue but that he "had [six] other credit accounts which were NOT overdue" and "were never late and have never been late." *Id.* ¶ 4. After Mr. Gagnon learned of the lone past-due debt, he contacted FedLoan "and arrangements were made to change the terms of the debt." *Id.* ¶ 5. He avers that FedLoan placed the overdue debt in forbearance "and the amount due was changed to zero." *Id.* Thus, he states that "money was no longer due for September 2017." *Id.*

Despite altering the debt's terms, Mr. Gagnon complains that "the reporting of the debt was not changed." *Id.* ¶ 6. Mr. Gagnon believes that FedLoan should change it because "the terms were changed to reflect a payment due of zero dollars" and "it is only fair and accurate to change the reporting status for this period as well." *Id.* (emphasis removed). In support, he cites 15 U.S.C. § 1681(a)(1), the statement of purpose section of the FCRA, and reads, "[t]he banking system is dependent upon fair and accurate credit reporting." *Id.* ¶ 7 (citing 15 U.S.C. § 1681(a)(1)). Thus, he demands that FedLoan adjust its reporting of the debt to credit bureaus "so that [Mr.

Gagnon's] personal credit reports more accurately and fairly reflect the changes in [his] debt obligation because of the mutually agreed upon changes, specifically the forbearance given to [him] which required no payment for September 2017." *Id.* ¶ 8.

## II.   FEDLOAN'S MOTION TO DISMISS

FedLoan moves to dismiss Mr. Gagnon's Complaint on several theories. *Def.'s Mem.* at 1 ("[T]he *Complaint* fails to state a claim under the *Fair Credit Reporting Act* ("*FCRA*"), fails to allege any wrongdoing on the part of FedLoan, and fails to allege any actual damages") (emphasis in original).  First, FedLoan argues that Mr. Gagnon has failed to state a claim for relief under the FCRA.  *Id.* at 3.  To this point, FedLoan contends that a plaintiff may only recover on an FCRA claim if that party pleads either willful noncompliance under 15 U.S.C. § 1681n or negligent noncompliance under 15 U.S.C. § 1681o.  *Id.*  Thus, FedLoan states that "[t]he *Complaint* fails to identify *any* noncompliance and, quite obviously, to thus even address the broader issues of willful or negligent noncompliance."  *Id.*  (emphasis in original).

FedLoan observes that Mr. Gagnon's Complaint "fails to allege that the information reported by FedLoan in September 2017 . . . was not accurate" but instead "only claims that a later forbearance for that time period should retroactively change the status of his loan."  *Id.*  Thus, because "FedLoan is under an obligation not to report information known to be false" and "Gagnon himself concedes . . . his loan was in default, and any *later* forbearance did not negate the existence of that default or cause any reporting with respect thereto to become untrue," FedLoan

4

concludes that Mr. Gagnon pleaded no facts that FedLoan either negligently or willfully reported false information to the credit bureaus. *Id.* at 4 (emphasis in original).

Second, FedLoan argues that Mr. Gagnon has failed to state a claim for damages. *Id.* at 4. Specifically, FedLoan states that he "failed to allege any damages at all, and only seeks injunctive relief to force FedLoan to inaccurately report that the loan was current in September 2017." *Id.* FedLoan cites caselaw from the Fifth Circuit and several district courts, which have held that the only remedy for an FCRA violation is actual damages, not injunctive relief. *See id.* (citing *Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 268 (5th Cir. 2000); *Hintz v. Experian Info. Solutions, Inc.*, No. 3:10CV535-HEH, 2010 U.S. Dist. LEXIS 109202, at *16-17 (E.D. Va. Oct. 13, 2010); *White v. First Am. Registry, Inc.*, 378 F. Supp. 2d 419 (S.D.N.Y. 2005); *Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1139, 1145 (N.D. Cal. 2005)). FedLoan acknowledges that the First Circuit has not yet considered whether FCRA plaintiffs may seek injunctive relief. *Id.*

Third, FedLoan asserts that Mr. Gagnon's Complaint fails to show that he meets certain prerequisites to bringing an FCRA claim. *Id.* at 5-6. FedLoan contends that prior to suing a furnisher of information, such as itself, a "consumer must first dispute the accuracy of their credit report with a [credit reporting agency], which then informs the entity responsible for furnishing the credit information, thereby allowing the furnisher to proceed with an investigation." *Id.* at 5. FedLoan claims that even making a "complaint directly to the entity that furnishes information" to the credit

5

reporting agencies is insufficient. *Id.* (citing *Chiang v. Verizon New Eng., Inc.*, 595 F.3d 26, 35 n.8 (1st Cir. 2010)). Here, FedLoan argues that Mr. Gagnon does not show that he provided any notice to a credit reporting agency (CRA) of the dispute and therefore, "[w]ithout this prior notice, FedLoan cannot be held liable under FCRA . . .." *Id.* Moreover, FedLoan asserts "Gagnon further fails to allege, assuming that he filed a dispute with any CRA, that FedLoan failed to properly investigate his claims." *Id.*

### III. DISCUSSION

The Court concludes that Mr. Gagnon has not alleged enough facts to show that FedLoan either negligently or willingly violated the FCRA. In addition, the Court finds that Mr. Gagnon has not shown that he filed the necessary report with a CRA before suing under the FCRA. Accordingly, the Court concludes that his Complaint fails to state a claim for relief and the Court dismisses the Complaint without prejudice. Because dismissal is proper under these two grounds, the Court declines to resolve whether FCRA plaintiffs may obtain injunctive relief.

### A. Legal Standard

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "A defendant may base [a 12(b)(6)] motion on either or both of two grounds: (1) a challenge to the 'sufficiency of the pleading' under Rule 8(a)(2); or (2) a challenge to the legal cognizability of the claim." *Barr v. W. Bath Dist. Ct.*, 674 F. Supp. 2d 304, 305 (D. Me. 2009). Although Rule 8 "does not require 'detailed factual

allegations,' . . . 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As the Supreme Court explained in *Twombly*, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . [the] factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." 550 U.S. at 555 (citations omitted).

When ruling on a motion to dismiss, the Court takes "all the complaint's well-pled allegations as true and view[s] the other facts in the light most favorable to the plaintiff . . .." *See In re Fin. Oversight & Mgmt. Bd. for P.R.*, 979 F.3d 10, 17 (1st Cir. 2020) (quoting *Portugués-Santana v. Rekomdiv Int'l Inc.*, 725 F.3d 17, 25 (1st Cir. 2013)). Dismissal is proper when the plaintiff "does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Portugués-Santana*, 725 F.3d at 25).

Consistent with commands from the Supreme Court, the First Circuit has instructed that "complaints drafted by non-lawyers are to be construed with some liberality." *Instituto de Educacion Universal Corp. v. United States Dep't of Educ.*, 209 F.3d 18, 23 (1st Cir. 2000). However, "pro se status does not free a litigant in a civil case of the obligation to comply with procedural rules." *See Ruiz Rivera v. Riley*, 209 F.3d 24, 28 n.2 (1st Cir. 2000) (citing *Eagle Eye Fishing Corp. v. United States Dep't of Commerce,* 20 F.3d 503, 506 (1st Cir. 1994)).

> B.  Analysis
>
> 1.  Stating an FCRA Claim

FedLoan's first argument for dismissal is that Mr. Gagnon did not plead sufficient facts to state a claim for relief under the FCRA. *Def.'s Mem.* at 3-4. The Court agrees.

"The FCRA is intended to protect consumers against the compilation and dissemination of *inaccurate* credit information." *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 67 (1st Cir. 2008) (emphasis in original). The Act regulates a number of different actors within the credit reporting industry. It requires CRAs to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). It also regulates so-called "furnishers" who provide information about consumers and their debts to the CRAs. *Chiang*, 595 F.3d at 35.

Sometimes, consumers may sue parties who violate the FCRA. *See* 15 U.S.C. § 1681p ("An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court . . ."). Plaintiffs may sue for both negligent and willful FCRA violations. *Id.* §§ 1681n, 1681o. For negligent violations, plaintiffs may recover actual damages and attorney's fees. *Id.* § 1681o(a)(1)-(2). When a defendant's violation is willful, plaintiffs may recover punitive damages too. *Id.* § 1681n.

"Under § 1681s-2, furnishers may not provide inaccurate information to consumer reporting agencies, 15 U.S.C. § 1681s-2(a)(1), and also have specific duties

in the event of a dispute over furnished information, *id.*, § 1681s-2(b).  Only the second of these duties is subject to a private cause of action." *Chiang*, 595 F.3d at 35. "Section 1681s-2(a) prohibits any person from 'furnish[ing] any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.'" *Id.*  But, "Congress expressly limited furnishers' liability under § 1681s-2(a) by prohibiting private suits for violations of that portion of the statute." *Id.* (citing 15 U.S.C. § 1681s-2(c)(1)). Thus, "[a]lthough a consumer may dispute credit information directly to a furnisher . . ., the consumer has no private right of action if the furnisher does not reasonably investigate the consumer's claim after direct notification." *Id.*

Nevertheless, the First Circuit has held that consumers have "a private cause of action . . . for individuals seeking remedies for furnishers' violation of § 1681s-2(b)." *See id.* at 36 ("The statute, in our view, creates a private right of action in § 1681s-2(b)").  Even here, however, there is an obstacle.  A furnisher can only violate § 1681s-2(b) after a consumer disputes credit information directly to a CRA.  *See id.* at 35-36 (discussing the interplay between § 1681s-2(b) and § 1681i(a)(2)(A)).  "When a customer disputes credit information to a CRA, the CRA must advise the furnisher of that data that a dispute exists and provide the furnisher with 'all relevant information regarding the dispute that the agency has received from the consumer.'" *Id.* at 35 (citing 15 U.S.C. § 1681i(a)(2)(A)).  This communication triggers a furnisher's § 1681s-2(b) duties to investigate, review, report, and potentially correct inaccurate credit information.  *See id.* at 36 (quoting 15 U.S.C. § 1681s-2(b)).

9

With this background, the Court turns to the merits of FedLoan's motion. At the outset, the Court concludes that Mr. Gagnon has no private right of action to bring his claim. Mr. Gagnon's Complaint does not state which FCRA cause of action he pursues, only the FCRA's statement of purpose, 15 U.S.C. § 1681(a)(1). *See Compl.* at ¶ 7. Even so, the crux of his Complaint is clear enough. He believes FedLoan, a furnisher, is violating the FCRA because it continues to report that he had an overdue debt in September 2017. *See Compl.* ¶¶ 1-8. As such, the Court construes Mr. Gagnon's Complaint as alleging FedLoan either willfully or negligently violated 15 U.S.C. § 1681s-2. *See* 15 U.S.C. § 1681n (willful noncompliance actionable); *id.* § 1681o (negligent noncompliance actionable).

His claim is not actionable. *Chiang* explains that FCRA plaintiffs have no cause of action to sue furnishers who provide inaccurate information to CRAs in violation of § 1681s-2(a). 595 F.3d at 35. Plaintiffs can sue furnishers that violate § 1681s-2(b), which imposes a duty to investigate alleged inaccuracies; however, a furnisher can only violate that section after a CRA notifies the furnisher that a plaintiff disputes credit information. *Id.* at 35-36. Here, Mr. Gagnon does not show that he communicated his dispute to a CRA or that a CRA ever notified FedLoan of a dispute. Rather, he only communicated the dispute directly to FedLoan. *Compl.* ¶ 5. As a result, Mr. Gagnon has not shown that he is entitled to avail himself of the § 1681s-2(b) cause of action. Accordingly, dismissal is proper.

Dismissal is appropriate on another ground as well. Mr. Gagnon fails to state an FCRA claim because his Complaint lacks two necessary elements. First, he does

not allege FedLoan violated the FCRA.  The FCRA requires FedLoan to provide accurate information to CRAs.  15 U.S.C. § 1681s-2(a)(1)(A) ("A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate").  Mr. Gagnon concedes that FedLoan provided accurate information about the September 2017 overdue debt.  *See Compl.* ¶ 3 ("During September 2017, the Plaintiff did in fact owe a debt to [FedLoan] and it was in fact overdue at that time").  The fact that Mr. Gagnon subsequently restructured the overdue debt does not make it inaccurate that he was more than ninety days delinquent on the debt in September 2017.  In short, a lender's forbearance delays collection but does not eliminate the debt.  Thus, Mr. Gagnon does not allege FedLoan violated the FCRA and he therefore fails to state a claim upon which relief can be granted.

The second missing element is an allegation that any FCRA violation by FedLoan was either willful or negligent for purposes of bringing a claim under sections 1681n and 1681o.  Mr. Gagnon's Complaint never alleges FedLoan acted willfully or negligently.  Moreover, given that Mr. Gagnon alleges no FCRA violation at all, the Court cannot conclude that he alleges either a willful or negligent FCRA violation.  Therefore, he fails to state a claim.

### 2. Injunctive Relief under the FCRA

FedLoan asserts that Mr. Gagnon failed to state a claim for relief under the FCRA because he demands injunctive relief.  *Def.'s Mem.* at 4.  Specifically, Mr. Gagnon demands that FedLoan amend its reporting that he was more than

ninety days delinquent on a debt in September 2017. *Compl.* ¶ 8. According to FedLoan, FCRA plaintiffs can only obtain actual damages, not injunctive relief. *Def.'s Mem.* at 4. Therefore, FedLoan continues, Mr. Gagnon does not state a claim upon which relief can be granted, because he fails to allege actual damages and only seeks injunctive relief. *Id.*

As FedLoan concedes, the First Circuit has not yet decided whether private FCRA plaintiffs may obtain injunctive relief. *Id.* What's more, there is a split of authority among courts that have addressed this question. *See, e.g., Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 268 (5th Cir. 2000) (noting "[l]ower courts are split as to whether . . . the FCRA allows private litigants to maintain a claim for injunctive relief"). Even though "the vast majority of district courts . . . have followed the Fifth Circuit's holding in *Washington*," *Alston v. Equifax Info. Servs., LLC*, No. TDC-13-1230, 2014 U.S. Dist. LEXIS 159797, at *8-9 (D. Md. Nov. 13, 2014) (collecting cases), one district court accurately described the current state of the law on this point as "not settled." *See DeVries v. Experian Info. Sols., Inc.*, No. 16-cv-02953-WHO, 2018 U.S. Dist. LEXIS 47654, *7-8, n.2 (N.D. Cal. Mar. 22, 2018).

A minority of courts holds the federal courts retain the authority to issue injunctive relief, noting that in *Califano v. Yamasaki*, 442 U.S. 682 (1979), the United States Supreme Court required "the clearest command to the contrary from Congress" before a federal court may be deprived of its "equitable power to issue injunctions in suits over which they have jurisdiction." *Id.* at 705. Analyzing the language in the FCRA, the minority is not persuaded that the congressional

command against injunctive relief is sufficiently clear to restrict a federal court's inherent authority consistent with *Califano*. *See Crabill v. Trans Union LLC*, 259 F.3d 662, 664 (7th Cir. 2001) (suggesting without deciding that injunctive relief may be an available remedy to private litigants under the FCRA); *Kimbrel v. Beneficial S.C., Inc.*, No. 2:07-3922-MBS, 2008 U.S. Dist. LEXIS 122307, at *4-5 (D.S.C. Jul. 23, 2008) (discussing the majority-minority split); *Harris v. Equifax Info. Servs.*, No. 6:06-cv-01810-GRA, 2007 U.S. Dist. LEXIS 46828, at *7 (D.S.C. June 26, 2007) (concluding "the Court . . . has not been divested of its authority to issue injunctive relief").

As the Court need not resolve this split to decide this motion, the Court declines to do so. Mr. Gagnon's failures to (1) dispute the debt reporting with a CRA and (2) allege that FedLoan negligently or willfully violated the FCRA are sufficient grounds to grant FedLoan's motion to dismiss. The Court stops here.

### IV. CONCLUSION

The Court GRANTS Pennsylvania Higher Education Assistance Agency d/b/a FedLoan Servicing's Motion to Dismiss (ECF No. 5) and DISMISSES without prejudice Leigh Gagnon's Statement of Claim (ECF No. 1).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 10th day of December, 2020